NOTE: CHANGES MADE BY THE COURT

Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Erica Bianco, State Bar No. 254988
E-Mail: ebianco@hurrellcantrall.com
Rebecca H. Snader, State Bar No. 257071
E-Mail: rsnader@hurrellcantrall.com
HURRELL CANTRALL LLP
700 South Flower Street, Suite 900
Los Angeles, California 90017-4121
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants SHERIFF LEROY BACA and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| FLAVIO RODRIGUEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; LOS ANGELES COUNTY SHERIFF LEROY D. BACA; LOS ANGELES COUNTY UNDERSHERIFF LARRY WALDIE; LOS ANGELES COUNTY RESERVE DEPUTY SHERIFF STANLEY TOY; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT INVESTIGATOR JAMES CORBIN; CHINATRUST BANK, (USA); ARLENE SHIH; EMMANUAL WATERS,<br><br>　　　　Defendants. | CASE NO. SACV13-00681 AG (PLAx)<br><br>[Assigned to Honorable Andrew J. Guilford, Dept. "10D"]<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**[Filed concurrently with [Proposed] Stipulated Protective Order]**<br><br>Action Filed:　　4/30/13<br>Trial Date:　　　4/14/15 |

After full consideration of the Stipulation by the parties for a Protective Order, and for GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

1. In connection with informal or formal disclosure of documents and other materials in this action (including but not limited to those specified in Fed.R.Civ.P. 26(a)(1)(A)(ii) and 34(a)(1)(A) and (B)), and, in connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony, or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public, and which contains private, personal, proprietary, or otherwise sensitive information, the disclosure of which may have the effect of causing harm to the parties or other entities or persons. By designating a document, thing, material, testimony, or other information derived therefrom as "Confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good-faith basis both in law and in fact for the designation within the meaning of *Federal Rules of Civil Procedure*, Rule 26(g).

**GOOD CAUSE STATEMENT:**

2. Good cause exists for entry of this Order. As for defendants, they expect to produce, among other things, materials comprising investigative reports and interviews of witnesses. In these materials, the names and other identifying information of the witnesses who were interviewed are referenced or disclosed. Some of the witnesses who were interviewed describe the details of how the incident unfolded, but also share personal details about the plaintiff.

In addition, materials to be produced will contain the names and other identifying information of law enforcement personnel who were involved in the incident, and who thereafter investigated the incident and interviewed witnesses. Limiting disclosure of their identities to the context of this litigation as provided herein will, accordingly, further important law-enforcement objectives and interests.

As for plaintiff, he is expected to produce, among other things, personal financial and banking records. These records and bills will likely contain sensitive financial information that plaintiff desires to be kept confidential and disclosed only in the context of this litigation.

3. Confidential documents shall be so designated by stamping copies of the document or material produced by a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document or any multi-volume material, shall designate all pages of the document and all volumes of the material as confidential, unless otherwise indicted by the producing party.

4. Testimony taken at a deposition may be designated as "Confidential" by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter transcribing the deposition to separately bind such portions of the transcript containing information designated as "Confidential", and to label such portions appropriately.

5. Material designated as "Confidential" under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential (hereinafter "Confidential Material") shall be used solely for the purpose of litigating this action, and for no other action or purpose.

6. Confidential Material produced in this action may be disclosed or made available to the following persons (hereinafter "Qualified Persons"):

    a. Each lawyer for a party in this action, including outside and in-house lawyers and other lawyers regularly employed in their offices, and such lawyers' staff to whom it is necessary that materials be disclosed for purposes of this litigation, including paralegals, assistants, secretaries, and document clerks;

    b. Each party, partner, officer, director, agent, or employee of a

party deemed necessary by counsel to work on this action;

    c. Independent experts or consultants retained by counsel for the purpose of assisting in this litigation, including their staff to whom it is necessary that materials be disclosed for purposes of this litigation, but only to the extent necessary for such expert or consultant to perform his or her assigned tasks in connection with this litigation;

    d. Any party-affiliated witness in preparation for his or her deposition or testimony at trial or a hearing in this litigation;

    e. Mediators, arbitrators, or similar outside parties and their staffs enlisted by all parties to assist in the resolution of this litigation;

    f. The Court and its personnel; and

    g. Court reporters and stenographers employed in this action.

Prior to receiving any Confidential Material, Qualified Persons identified in Paragraphs 6b, 6c, 6d, and 6e above shall execute a nondisclosure agreement in the form of Attachment A.

7. Any party intending to file any material that constitutes or contains Confidential Material shall file it under seal in compliance with Central District *Local Rule* 79-5.1, **and must show good cause for the under seal filing**.

8. This Order shall not impose any restrictions on the use of or disclosure by a party of Confidential Material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

9. In the event that any Confidential Material used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such material shall take all reasonable steps to maintain its confidentiality during such use.

10. At any time after receipt of documents designated as Confidential Material, the non-designating party may provide the designating party with a written objection to the classification of specific documents as Confidential Material along with the basis of the objection. Upon receipt of such written objection, the designating party shall provide a written response to the objecting party within five (5) business days. If the designating party does not agree with the position of the objecting party, the objecting party shall have the option of proceeding with a discovery motion, pursuant to *Local Rule* 37 *et seq.*, contesting the Confidential designation of the disputed documents. The parties shall comply with the meet and confer requirements of *Local Rule* 37 *et seq.* prior to the filing of any such motion. The designating party shall bear the burden of establishing the Confidential nature of the disputed documents.

11. This Order shall be without prejudice to the right of a party (i) to bring before the Court at any time the question of whether any particular document or material is confidential or whether its use should be restricted, provided however, that such document or material shall remain confidential and its use restricted, as provided for herein, until such time as the court has ruled on the question presented, or (ii) to present a motion to the Court under *Federal Rules of Civil Procedure*, Rule 26(c) for a separate protective order as to any particular document, material, or information, including restrictions differing from those specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12. This Order is entered solely for the purpose of facilitating the exchange of documents, material, and information between the parties to this action without involving the

Court unnecessarily in the process. Neither this Order, nor the production of any document, material, or information, shall be deemed to have the effect of an admission or waiver by either party, or of altering the confidentiality or non-confidentiality of any such document, material, or information, or altering any existing obligation of any party or the absence thereof.

13. Within sixty (60) days after the conclusion of this action, including any appeals, a party to whom Confidential Material has been produced shall return all such material, including copies thereof, to the producing party, or shall destroy any such document and provide the requesting party with confirmation that the documents have been destroyed or returned within 10 days of the request confirmation

14. This Order shall survive the conclusion of this action, including any appeals, to the extent that information comprising or contained in Confidential Material does not become public. The Court shall retain jurisdiction to resolve any dispute concerning compliance with the terms and conditions of this Order, including any alleged violation thereof.

15. For good cause, any party may seek a modification of this Order, by first attempting to obtain the consent of the other parties to such modification, and then, absent consent, by application to this Court, **utilizing Local Rule 37**.

**IT IS SO ORDERED**

Dated: January 9, 2015          By:_____
                                   HON. PAUL L. ABRAMS
                                   United States Magistrate Judge

# EXHIBIT "A"

## NONDISCLOSURE AGREEMENT

I,_____, am familiar with the terms of the foregoing Stipulated Protective Order above entered in the *Rodriguez v. Los Angeles County Sheriff's Department, et al.* case, and agree to comply with and be bound by its terms and conditions unless further modified by order of the Court. I consent to the jurisdiction of the Court for the purpose of enforcement of the Stipulated Protective Order.

Dated:_____ By: _____